UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIELLE BERNHOLT, <br>     Plaintiff, <br> v. <br> FENSTER-MARTENS HOLDING COMPANY d/b/a ENTERPRISE MEDICAL RECRUITING and/or ENTERPRISE MEDICAL SERVICES, <br> and <br> NEAL FENSTER, <br>     Defendant. | ) <br> ) <br> ) <br> ) Case No. _____ <br> ) <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) |

## **COMPLAINT**

COMES NOW Plaintiff Danielle Bernholt, and for her Complaint against Defendants Fenster-Martens Holding Company d/b/a Enterprise Medical Recruiting and/or Enterprise Medical Services (hereinafter referred to as "Enterprise") and Neal Fenster (hereinafter collectively referred to as "Defendants"), states and alleges as follows:

### **Nature of Case**

1. Plaintiff was previously employed by Defendants as a Senior Search Consultant (medical recruiter) in St. Louis, Missouri. During the relevant time periods preceding this action, Defendants suffered or permitted Plaintiff to spend time working overtime hours for which she was not paid. In addition, Defendant Enterprise unlawfully withheld earned commissions from Plaintiff, which constituted a violation of Section 407.911 *et seq.* of the Revised Missouri Statutes and also amounted to a breach of contract under Missouri common law. Plaintiff seeks to recover unpaid wages and other damages under the Fair Labor Standards Act ("FLSA") and Missouri law.

1

**Jurisdiction and Venue**

2. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 29 U.S.C. § 1331.

3. Missouri law authorizes court actions by private parties to recover damages for violation of the Missouri Minimum Wage Law, R.S.Mo. § 290.500 *et seq.* ("MMWL"). R.S.Mo. § 290.527. Jurisdiction over Plaintiff's state law claims is based on 28 U.S.C. §§ 1332(d)(2) and/or 1367 and R.S.Mo. § 290.527.

4. Venue in this district is proper because Defendants do business in this district and employed Plaintiff to work in this district, and because substantial unlawful conduct giving rise to the claims occurred in this district.

**Parties**

5. Plaintiff Danielle Bernholt is a resident of the State of Missouri, and she previously worked at Enterprise's office location in Chesterfield, Missouri from February 2016 to July 2016. Plaintiff Bernholt's consent to join this action is attached hereto as Exhibit 1.

6. Defendant Fenster-Martens Holding Company d/b/a Enterprise Medical Recruiting and/or Enterprise Medical Services is a Missouri corporation, is registered to do business in the State of Missouri, and has a business location and does business within this judicial district and the State of Missouri.

7. Defendant Neal Fenster was an "employer" of Plaintiff, within the FLSA's and MMWL's broad definition, as he is an owner, member, manager, and/or officer of Enterprise and maintains operational control of that entity's day-to-day functions. Defendant Fenster possesses and exercises the authority to hire, fire, and discipline employees of said entity, makes decisions

regarding the personnel policies and practices of the company, and/or makes decisions regarding the pay provided to employees of the company, including but not limited to the pay practices relevant to Plaintiff's claims alleged herein.

**General Allegations**

8. During her employment with Defendants, Plaintiff was paid a salary and/or draw, plus commissions on revenue generated by recruiting assignments that she completed on Defendants' behalf. Throughout her employment with Defendants, Plaintiff consistently worked over forty (40) hours per week, yet Defendants never provided Plaintiff with overtime pay. As a result, Plaintiff was denied overtime pay in violation of the FLSA and MMWL.

9. Defendants did not maintain accurate time records regarding Plaintiff's actual work hours, as required by law. Defendants knew or should have known that Plaintiff was working over 40 hours per week without proper overtime compensation. Defendants encouraged Plaintiff to work as many hours as possible in an effort to generate revenue from her recruiting efforts. Plaintiff's long work hours, including work during evenings and weekends, was considered "part of the job," given that Plaintiff was paid commissions based on revenue generated by recruiting assignments that she completed on Defendants' behalf.

10. The net effect of the policies and practices maintained and administered by Defendants, instituted and approved by company managers, is that Defendants willfully failed to pay overtime compensation to Plaintiff. Defendants thus enjoyed ill-gained profits at the expense of Plaintiff.

**Count 1: Plaintiff v. All Defendants for Violation of the FLSA**

11. Plaintiff reasserts and realleges the allegations set forth above.

12. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

13. The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

14. Defendants are subject to the overtime pay requirements of the FLSA because they are, individually and/or in the aggregate, an enterprise engaged in interstate commerce, and Defendants' employees, including Plaintiff, are engaged in commerce.

15. Defendants violated the FLSA by failing to pay Plaintiff overtime pay for hours that Plaintiff worked in excess of 40 hours per workweek.

16. Plaintiff is entitled to damages equal to the mandated overtime premium pay within the two (2) years preceding the filing of the Complaint.

17. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime compensation, Plaintiff is entitled to an award of prejudgment interests at the applicable legal rate.

18. As a result of the aforesaid violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff. Accordingly, Defendants are liable under 29 U.S.C. §216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs/expenses of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff demands judgment against all Defendants and prays for: (1) unpaid overtime wages; (2) liquidated damages; (3) attorneys' fees, costs, and expenses; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other and further relief as the Court deems just and proper.

**Count II: Plaintiff v. All Defendants for Violation of MMWL**

19. Plaintiff reasserts and realleges the allegations set forth above.

20. At all relevant times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the MMWL, R.S.Mo. §290.500 *et seq*.

21. The MMWL regulates, among other things, the payment of overtime wages by employers.

22. During all times relevant to this action, Defendants were the "employer" of Plaintiff within the meaning of the MMWL.

23. During all times relevant to this action, Plaintiff was Defendants' "employee" within the meaning of the MMWL.

24. Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek.

25. Pursuant to their policy and practice, Defendants violated the MMWL by refusing and failing to pay Plaintiff overtime wages required under the MMWL.

26. Plaintiff is entitled to damages equal to all unpaid overtime wages due within two (2) years preceding the filing of this Complaint, as well as liquidated damages.

27. Plaintiff is entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

28. Pursuant to R.S.Mo. § 290.527, Defendants are liable for Plaintiff's attorneys' fees, costs, and expenses incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiff demands judgment against all Defendants and pray for: (1) unpaid overtime wages, (2) liquidated damages; (3) attorneys' fees, costs, and expenses; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other and further relief as the Court deems just and proper.

**Count III: Plaintiff v. Enterprise for Violation of Missouri Commission Statute**

29. Plaintiff reasserts and realleges the allegations set forth above.

30. While employed by Defendant Enterprise, Plaintiff was a "sales representative" within the meaning of R.S.Mo. § 407.911. Likewise, Defendant Enterprise is a "principal" within the meaning of R.S.Mo. § 407.911.

31. A portion of Plaintiffs' compensation from Defendant Enterprise was based upon commissions.

32. Plaintiff and Defendant Enterprise had an agreement whereby Defendant agreed to pay commissions to Plaintiff based on revenue generated by recruiting assignments that she completed on Defendant Enterprise's behalf.

33. During her employment, Plaintiff earned commissions that were not paid to her by Defendant.

34. The employment relationship between Plaintiff and Defendant Enterprise ended in July 2016. Therefore, pursuant to R.S.Mo. § 407.912, all commissions due to Plaintiff were required to be paid, but have not been paid, by Defendant.

35. Defendant Enterprise has failed to timely pay Plaintiff the commissions that she earned while in Defendant's employ, and as a result, Defendant Enterprise violated R.S.Mo. § 407.913.

36. As a result of said statutory violation, Plaintiff has sustained damages. Plaintiff is entitled not only to her unpaid commissions, but also to an additional amount as if she were still earning commissions calculated on an annualized pro rata basis from the date of termination to the date of payment, which has not yet occurred.

37. Further, as a result of Defendant Enterprise's violation of R.S.Mo. § 407.913, Plaintiff is entitled to recovery her reasonable attorneys' fees and costs.

WHEREFORE, on Count III of this Complaint, Plaintiff demands judgment against Defendant Enterprise and prays for: (1) all of her earned but unpaid commissions; (2) an additional amount as if Plaintiff were still earning commissions calculated on an annualized pro rata basis from the date of termination to the date of payment; (3) attorneys' fees, costs, and expenses; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count IV: Plaintiff v. Enterprise for Breach of Contract

38. Plaintiff reasserts and realleges the allegations set forth above.

39. As part of her employment with Defendant Enterprise, Plaintiff entered into a contract ("the Contract") with Defendant Enterprise whereby Plaintiff agreed to perform services for Defendant Enterprise, and Defendant Enterprise agreed to pay Plaintiff certain compensation, including but not limited to commissions based on revenue generated by recruiting assignments that she completed on Defendant Enterprise's behalf.

40. The Contract was originally entered into by Plaintiff and Defendant Enterprise in January 2016, with an anticipated employment start date of February 1, 2016. The Contract was subsequently amended by Plaintiff and Defendant Enterprise in June 2016.

41. Plaintiff performed all of her obligations under the Contract.

42. Pursuant to the Contract, Plaintiff earned certain commissions as a result of recruiting assignments that she completed on behalf of Defendant Enterprise.

43. Defendant Enterprise breached the Contract by failing to pay Plaintiff all of the commissions that she earned.

44. As a direct result of Defendant Enterprise's breach of the Contract, Plaintiff has been damaged.

WHEREFORE, on Count IV of this Complaint, Plaintiff demands judgment against Defendant Enterprise and prays for: (1) her earned commissions, in an amount to be proven at trial; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

Respectfully submitted,

RIGGAN LAW FIRM LLC

　/s/　*Russell C. Riggan*
Russell C. Riggan  #53060
Samuel W. Moore  #58526
132 W. Washington Ave., Ste. 100
Kirkwood MO  63122
314-835-9100
314-735-1054 fax
russ@rigganlawfirm.com
smoore@rigganlawfirm.com

*Attorneys for Plaintiff*